# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TYSHAUN LITTLE HOPE,**

**Plaintiff,**

-vs-                                          **Case No.  6:09-cv-1654-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Supplemental Security Income benefits.  For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

### PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income on September 19, 2005, alleging she became disabled on September 17, 2005 (R. 67-70).  Her application was denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") (R. 54-57, 60-63, 411-456).  On March 5, 2009,  the ALJ issued an unfavorable determination, finding Plaintiff was not disabled (R. 16-25).  The Appeals Council denied Plaintiff's timely request for review (R. 4-7), and Plaintiff  filed the instant action in this Court (Doc. No. 1).  The matter has been fully briefed, and this case is now ripe for review under 42 U.S.C. § 1383(g).

### NATURE OF CLAIMED DISABILITY

Plaintiff claims to be disabled due to "mental illness/bipolar" (R. 167).

#### Summary of Evidence Before the ALJ

Plaintiff was 27 years old at the time of the ALJ's decision (R. 67), with an eleventh grade education (R. 95) and prior work experience as a library page, a dietary aide and a housekeeper (R. 91, 443).

Plaintiff's pertinent medical history is set forth in the ALJ's decision and in the interests of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the medical record includes treatment notes from Plaintiff's treating mental health providers, as well as numerous emergency room treatment notes for visits relating to a variety of matters not alleged to be disabling.[1] The evidence includes opinions from examining and non-examining state agency consultants, and a Medical Expert appeared and testified at the hearing. Additionally, a Vocational Expert appeared and testified, as did Plaintiff.

In his determination, the ALJ found that Plaintiff had the following severe impairments: personality disorder, history of substance abuse, and obesity (R. 18), and the record supports this uncontested finding. The ALJ concluded that Plaintiff could nonetheless perform a full range of medium work, with limited to minimal contact with supervisors and co-workers (R. 21). The ALJ determined that Plaintiff could still perform her unskilled past relevant work as a dietary aide and housekeeper (R. 23) and was therefore not disabled (R. 25). Alternatively, the ALJ found that Plaintiff could perform other work in the national economy and was therefore not disabled (R. 24-25).

### STANDARD OF REVIEW

---

[1] The record reflects that Plaintiff was, as one treatment record noted, a "frequent visitor to the emergency department" (R. 327), seeking treatment for a wide range of conditions such as a minor stab wound (R. 364), numerous urinary tract and gynecological issues (*see, e.g.,* R. 330, 306, 332, 357), a stubbed toe (R. 360), and a toothache (R. 368).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### ISSUES AND ANALYSIS

Plaintiff asserts that the administrative decision is in error in that: 1) the ALJ and the Appeals Council did not apply the correct legal standards with respect to evaluation of Plaintiff's medication side effects; 2) the ALJ erred in determining that Plaintiff's work as a dietary aide and housekeeper constitutes "Past Relevant Work;" and 3) the ALJ erred in relying exclusively on the Grids in finding that Plaintiff could perform other jobs in the national economy.  The Court addresses each issue in turn.

*Side Effects*

The ALJ has a duty to elicit testimony and make findings regarding the effect of prescribed medications upon the ability to work, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), and the Commissioner's regulations require that in making a determination of disability the ALJ must consider the type, dosage, effectiveness and side effects of any medications. 20 C.F.R. § 404.1529(c)(3)(iv). Here, Plaintiff contends that the Commissioner failed to evaluate record evidence of side effects due to her medications.

Plaintiff concedes that the ALJ mentioned Plaintiff's medications several times in his decision (R. 18-20), but argues that the ALJ should have given greater consideration to side effects because, at various times, Plaintiff has reported that her medications caused drowsiness, restlessness, anxiety and sleeplessness (Plaintiff's Br. at 7-8). As the Commissioner notes, however, the ALJ made an express finding that Plaintiff has a long history of non-compliance with her prescription medication (R. 22). That finding is supported by the substantial evidence cited by the ALJ. In treatment notes dated August 5, 2005, Plaintiff advised that she stopped taking her Zoloft for more than six months "because she thought she could do without her medication" (R. 219). In September 2005, Plaintiff stopped taking her Seroquel (R. 218). By January 2006, Plaintiff reported being off her medications for two months (R. 256). By March 2006, Plaintiff reported that she was still not taking her medications (R. 284). In July 2008, Plaintiff reported that she had stopped taking her medications "about two years ago" (R. 380). Indeed, Plaintiff acknowledges her non-compliance in her brief. In view of the foregoing, there can be no argument that the ALJ should have given greater consideration to the side effects of medications Plaintiff does not take.

Further, although Plaintiff submitted to the Appeals Council Pharmacy Information Sheets and excerpts from the Physician's Desk Reference for her medications, with side effects underlined, this is not evidence that Plaintiff experienced any of these possible side effects, let alone that she

experienced them to a disabling degree.  The record does not show that the claimed side effects were severe or pervasive, nor that these effects caused any limitations on her ability to work.[2]  No physician has opined that she is disabled or significantly vocationally restricted due to these side effects.  The Court finds the Commissioner did not err in the evaluation of Plaintiff's alleged side effects from the medications.

*Past Relevant Work*

The ALJ must follow five steps in evaluating a claim of disability.  *See* 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Here, citing to the testimony of a Vocational Expert, the ALJ made a determination at step four of the analysis - that Plaintiff could return to her past relevant work as a dietary aide and housekeeper.

---

[2]

Indeed, at hearing, the Medical Expert testified that Plaintiff's substance abuse (cocaine, marijuana, alcohol) could be causing or contributing to her symptoms (R. 421-424).  At one point, Plaintiff reportedly drank a bottle of gin every other day (R. 423).  Other than Plaintiff's testimony, which the ALJ found to be not credible, there is no evidence that the "side effects" she complains of were due to her prescription medication and not due to the prevalent substance abuse.

The earnings record reflects that Plaintiff worked as a dietary aide for a nursing home from July 15, 2003 until October 15, 2003 (R. 117).  She also worked as a housekeeper from January 15, 2003 until April 15, 2003, and then again in August 2005 until September 16, 2005.  *Id.*  At hearing, the Vocational Expert noted this work experience as being past relevant work (R. 442-443).  Plaintiff contends that the Commissioner erred in determining that her work experience as a dietary aide and as a housekeeper was past relevant work, as neither position was "substantial gainful activity" ("SGA") under the regulations.

 As explained in a recent decision:

> Courts examining this issue have uniformly held that to qualify as past relevant work, the work must have been substantial gainful activity. *See Vaughn v. Heckler*, 727 F.2d 1040, 1042 (11th Cir.1984); *see also Lauer v. Bowen*, 818 F.2d 636, 639 (7th Cir.1987); *Connolly v. Bowen*, No. 88-3116, 879 F.2d 862, *3 (4th Cir.1989) (table); *Boyes v. Sec. of HHS*, 46 F.3d 510, 512 (6th Cir.1994); *Newman v. Chater*, No. 95-5198, 91 F.3d 159, *1 (10th Cir.1996) (table). This follows because under the Act, "disability" is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d). Under the regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." See 20 C.F.R. 416.972. "Substantial" work activity is "work activity that involves doing significant physical or mental activities" and "gainful" work activity is work activity done "for pay or profit." *Id.* According to the regulations, "past relevant work" is work the claimant performed within the past fifteen years that was substantial gainful activity and lasted long enough for the claimant to learn to do it. *See* 20 C.F.R. § 416.960(b). The regulations use earnings guidelines to assist in the determination of whether a claimant's past work constitute substantial gainful activity. *See* 20 C.F.R. 416.974.

*Childs v. Astrue,* 2008 WL 686160, 4 (M.D. Fla. 2008).

Plaintiff cites the Commissioner's Tables of SGA Earnings Guidelines and Effective Rates Based on Year of Work Activity contained in his Program Operations Manual System at DI 10501.015, for the proposition that the earnings of a worker in 2003 are considered substantial gainful activity if they amount to earnings that average more than $800 per month (Appendix 1).  The Commissioner does not address or dispute this assertion.  Thus, in order to be considered past

relevant work, the position must have involved significant physical or mental activity for pay or profit lasting long enough for Plaintiff to have learned how to do it, and earnings averaging over $800 are presumptively substantial gainful activity.

Applied here, Plaintiff has not met her burden of establishing that both positions were not past relevant work. Plaintiff worked part time for 28 hours a week as a dietary aide, making $6.25 an hour. She worked as a housekeeper full time, also at $6.25 an hour. The positions were obviously significant physical activity for pay and Plaintiff does not point to any evidence that the positions did not last long enough for her to learn how to do them. Moreover, the record includes testimony from a Vocational Expert who identified the positions in response to the ALJ's inquiry regarding whether there was any past relevant work (R. 442-443). Substantial evidence thus supports the ALJ's finding that Plaintiff had past relevant work. *See Faison v. Barnhart,* 301 F. Supp. 2d 1330 (M.D. Fla. 2004) (rejecting claimants assertion that her short stint as a file clerk was not relevant work at step four).

Plaintiff contends that the ALJ made an error of law in including the dietary aide position in that the record shows that it did not yield wages averaging $800 a month. This contention is of no moment. Even if inclusion of the part time position was error, her earnings as a housekeeper more than satisfies the standard. Plaintiff argues that her housekeeping job should not count, as it was work performed for six months or less that was ended by the claimant's impairments and thus does not demonstrate that she can perform SGA, citing 20 C.F.R. § 404.1575(d). The regulation cited by Plaintiff relates to "evaluation guides if you are self employed" – a situation that is not supported by this record. Regardless, assuming that Plaintiff meant to cite to the Commissioner's regulations with respect to unsuccessful work attempts for employees, the Court finds no error.

Title 20 C.F.R. § 416.974 provides, in part: "We generally consider work that you are forced to stop or to reduce below the substantial gainful activity level after a short time because of your impairment to be an unsuccessful work attempt."  With respect to the length of time Plaintiff worked as a housekeeper, the Commissioner evaluates a work effort of between three and six months, as follows:

> (c)(4) If you worked between 3 and 6 months. We will consider work that lasted longer than 3 months to be an unsuccessful work attempt if it ended, or was reduced below the substantial gainful activity earnings level, within 6 months because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work **and**–
>
> (i) You were frequently absent from work because of your impairment;
> (ii) Your work was unsatisfactory because of your impairment;
> (iii) You worked during a period of temporary remission of your impairment; or
> (iv) You worked under special conditions that were essential to your performance and these conditions were removed.

20 C.F.R. § 416.974(c)(4) (emphasis added).  *See also* SSR 84-25, 1984 WL 49799.

The Commissioner contests the applicability of this regulation to the definition of past relevant work (Defendant's Brief at 9-11), but the Court need not resolve that here.  Assuming the applicability of the regulation, Plaintiff fails to make the required showing that the housekeeping position was ended "because of" Plaintiff's impairment.  The record shows that Plaintiff quit the position in September 2005, not because she was no longer physically or mentally able to do it, but because she "beat up another housekeeper" (R. 446).  While Plaintiff assumes that the violent outburst was due to her personality disorder, there is no evidence that this is the case.  Indeed, in August 2005, Plaintiff reported to her treating provider that she was feeling depressed, moody and was easily angered, but specifically noted: "I don't get violent." (R. 219-220).  On examination, she was cheerful, cognitively intact, and cooperative.  *Id.*  Her then-current Global Assessment of Functioning was 60-65, which does not indicate severe difficulties.  In September 2005, around the

time Plaintiff quit, Plaintiff described her mood as "fairly neutral" and, despite an examination that showed some paranoia and suspicion, her doctor opined that she was not a danger to herself or others (R. 218). During that same time period, Plaintiff presented twice to the emergency room complaining of pain (R. 188-209). The records show she was alert and fully oriented and there is no mention of any complaints about uncontrolled violent behavior or exacerbation due to her personality disorder. *Id.* While the violent episode may well have been related to Plaintiff's personality disorder, it could also have been the result of substance abuse or a wide variety of other stressors (financial problems, difficulties with family relationships) that are not within the definition of disability. Plaintiff has not carried her burden here. Moreover, even if the Court were to conclude that the violent episode was because of Plaintiff's personality disorder, Plaintiff has failed to show either frequent absences, unsatisfactory work performance, special conditions for the work, or that it was done during a period of temporary remission. The finding of the ALJ that Plaintiff could return to her past relevant work is supported by substantial evidence and no error of law is shown.

*The Finding at step five*

Plaintiff's last contention is that the ALJ's finding that other jobs exist in the national economy that Plaintiff could perform is not supported by substantial evidence and is not based on the correct legal standards. Specifically, Plaintiff contends that her mental impairment, as found by the ALJ, is a non-exertional impairment that limits her basic work skills and that exclusive reliance on the Grids was therefore inappropriate.[3] While the Court finds this argument to be compelling, it is

---

[3] Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant court perform other work that exists in the national economy. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "Grids"]. *Foote*, 67 F.3d at 1558. Exclusive reliance on the "Grids" is appropriate where the claimant suffers primarily from an exertional impairment,

of no moment as the finding of the ALJ at step four of the sequential analysis is supported by substantial evidence and was made in accordance with proper legal standards.  As such, any error at step five, which was included only as an alternate finding  (R. 24), is irrelevant.  The administrative decision should be affirmed.

A final word is in order.  In finding that the decision should be affirmed the Court does not imply that the Plaintiff does not have an impairment which causes her difficulties, nor does the Court conclude that the decision reached by the ALJ is necessarily the only decision that could be supported by this record.  It is not the Court's task, however, to re-weigh the evidence and decide the matter anew. Rather, the Court must apply the appropriate standard of review, and affirm the decision if it is adequately supported by substantial evidence and was made in accordance with proper standards of law.  Upon review, the Court finds that to be the case here.

### CONCLUSION

The decision of the ALJ is supported by substantial evidence and was made in accordance with proper legal standards.  As such, it is **respectfully recommended** that the administrative decision be **AFFIRMED.**

---

without significant non-exertional factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the Grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements). Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."  *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987).  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  *Foote*, 67 F.3d at 1559.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. *Foote*, 67 F.3d at 1559.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2010.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy